UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ECHJAY FORGINGS PRIVATE LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>COALITION OF AMERICAN FLANGE PRODUCERS<br><br>    Defendant-Intervenor. | Court No. 18-00230<br><br>**PUBLIC VERSION** |

## DEFENDANT'S REPLY IN SUPPORT OF THE
## DEPARTMENT OF COMMERCE'S REMAND REDETERMINATION

Defendant, the United States, respectfully submits this reply to the comments filed by defendant-intervenor, the Coalition of American Flange Producers (Coalition), ECF No. 75 (Coalition Cmts.), regarding the final results of redetermination issued by the Department of Commerce in the above-captioned matter. *See* Final Results of Remand Pursuant to Court Remand, dated February 17, 2021, ECF Nos. 72-1 (Confidential Version) and 73-1 (Public Version).[1] Commerce issued the remand redetermination pursuant to this Court's opinion and remand order, ECF Nos. 68 (Confidential Version) and 69 (Public Version) (Remand Order),

---

[1] We refer to both the public and confidential versions as the "*Remand Redetermination.*" Also, "P.R." and "C.R." refer to the public and confidential records in the underlying investigation, respectively. "Remand P.R." and "Remand C.R." refer to the public and confidential records in the remand proceeding, respectively.

reported at *Echjay Forgings Private Limited v. United States*, 475 F. Supp. 3d 1350 (Ct. Int'l Trade 2020).

For the reasons set forth below, we respectfully request that the Court sustain the remand redetermination and enter judgment for the United States, because Commerce has complied with the Court's Remand Order, and because the remand redetermination is supported by substantial evidence and otherwise in accordance with law.

## BACKGROUND

This litigation involves challenges to Commerce's final affirmative antidumping duty determination on stainless steel flanges from India. *See Stainless Steel Flanges From India: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Critical Circumstance Determination*, 83 Fed. Reg. 40,745 (Dep't of Commerce Aug. 16, 2018) (Final Determination), P.R. 411, and the accompanying Issues and Decision Memorandum (IDM), P.R. 406.  Plaintiff, Echjay Forgings Private Limited (Echjay), challenged Commerce's decision to collapse Echjay with three other companies into a single entity for the purpose of its final determination.  Remand Order at 2.

In its Remand Order, the Court held that Commerce did not adequately explain its finding that the Doshi family should be treated as a "person" within the meaning of 19 U.S.C. § 1677(33)(F) and, thus, Commerce's determination was not based on substantial evidence. Remand Order at 5.  The Court ordered Commerce to explain the significance of the following to its determination:  (1) Why Echjay, Echjay Industries Private Limited (EIPL), Echjay Forgings Industry Private Limited (EFIPL), and Spire Industries Private Limited (Spire) (collectively, the Doshi companies, or Doshi family) should be viewed as a "person" within 19 U.S.C. § 1677(33)(F); (2) why EFIPL and Spire would not require substantial retooling in light of the

evidence raised by Echjay; (3) why there is a potential for manipulation between the Doshi companies; and (4) any inconsistency with Commerce's decision in *Certain Forged Stainless Steel Flanges from India*, 71 Fed. Reg. 29,314 (Dep't Commerce May 22, 2006) (*Flanges 2006 Final*).  *See* Remand Order at 36-37.

On remand, Commerce further considered whether it was proper to collapse Echjay with EIPL, EFIPL, and Spire.  Commerce released its draft remand redetermination on December 9, 2020.  Consistent with the Remand Order, Commerce reconsidered its Final Determination finding that the Doshi companies met the criteria for affiliation under 19 U.S.C. § 1677(33)(F), and for single-entity treatment under 19 C.F.R. § 351.401(f).  *See Remand Redetermination* at 1.  Specifically, Commerce reevaluated the totality of the evidence on the record, with particular attention to the evidence highlighted by the Court.  *See id.* at 10.  In its draft remand redetermination, Commerce found that the Doshi family does not have common control of the various companies and, as a result, those companies are not affiliated under 19 U.S.C. § 1677(33)(F).  *See id.*  Further, because Commerce found that the Doshi companies are not affiliated, Commerce also determined that they do not meet the affiliation criterion under 19 C.F.R. § 351.401(f) and should not be collapsed into a single entity.

On December 21, 2020, Coalition, Core Pipe Products, Inc. and Maass Flange Corporation (collectively, petitioners), as well as Echjay, submitted comments on Commerce's draft redetermination.  *See Remand Redetermination* at 10-13.  Petitioners objected to Commerce's decision not to collapse the Doshi companies, particularly Echjay and EIPL. Petitioners also objected to Commerce's decision not to apply AFA to the resulting single entity. Echjay argued that Commerce incorrectly calculated its revised dumping margin, and that Commerce should retroactively apply Echjay's revised cash deposit rate to the first

3

administrative review entries. *See id.* at 15-23. Commerce addressed these comments in its remand redetermination and continued to find that the Doshi companies are not affiliated pursuant to 19 U.S.C. § 1677(33)(F) and should not be collapsed pursuant to 19 C.F.R. § 351.401(f). *See id.* at 25-26.

## ARGUMENT

**I.     Standard of Review**

This Court sustains Commerce's determinations unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i); *Bristol Metals L. P. v. United States*, 703 F. Supp. 2d 1370, 1373 (Ct. lnt'l Trade 2010). Specifically with respect to a remand, this Court "will sustain {Commerce's} determination upon remand if it complies with the court's remand order, is supported by substantial evidence on the record, and is otherwise in accordance with law." *Jinan Yipin Corp. Ltd. v. United States*, 637 F. Supp. 2d 1183, 1185 (Ct. Int'l Trade 2009) (citations omitted).

**II.    Commerce's Redetermination That Echjay and EIPL Do Not Meet The Criteria For Affiliation Is Supported By Substantial Evidence and in Accordance with Law**

In its redetermination, Commerce determined that "due to particular and explicit legal arrangements," the Doshi family could not control or influence the operations of the constituent companies, *i.e.*, Echjay, EIPL, EFIPL, and Spire, during the period of investigation. *See Remand Redetermination* at 10. Thus, the Doshi family does not have common control of the various Doshi companies (as contemplated by 19 U.S.C. § 1677(33)(F)), given the unique facts of this case.

Commerce found that several primary legal documents on the record, including decrees by the Bombay High Court, indicate a familial and business separation between Echjay and EIPL in 1985, and between Echjay and EFIPL/Spire in 2005. *Remand Redetermination* at 10 (citing

4

Echjay Dec. 12, 2017 AQR at Exhs. AS-4(b) – AS-4(g) (C.R. 129-132)).  Commerce found that the documents issued by the Bombay High Court in 1985 specify that the family units would exchange holdings, and resign from directorships, in the companies that were transferred to other family members via legal decree.  *Remand Redetermination* at 11 (citing Echjay Dec. 12, 2017 AQR at Exh. AS-4(c) (C.R. 131)).  Similarly, the 2005 separation agreement stated that: "'{t}he parties will exchange their respective holdings in the concerned companies at book value, resign from their directorships in companies going to the others, and/or retire from the partnerships on receipt of the credit balance and share in profits, if any, without evaluating the value of the shares of the companies or assets of the partnerships.'"  *Remand Redetermination* at 11 (quoting Echjay Dec. 12, 2017 AQR at Exh. AS-4(g)).  Company organization charts and board membership information, submitted by Echjay, further demonstrate that there were no common board members or employees between Echjay and the other three companies.  *Remand Redetermination* at 12 (citing Echjay Dec. 12, 2017 AQR at Exhs. AS-8(a), AS-9(a), AS-10(a), and AS-11 (C.R. 134-135)).  Taken together, these legal documents substantiate Commerce's findings that the companies are formally and legally separate.  *See Remand Redetermination* at 12.

The Coalition argues that Echjay and EIPL are each 100 percent owned by members of the Doshi family, and that members of the Doshi family hold senior positions in each company as sole shareholders of Echjay and EIPL.  Coalition Cmts. at 6.  According to the Coalition, "this is significant evidence that members of the same family grouping, the Doshi family, have direct and indirect control over the major decisions on financing, accounting, income distribution, and loss settlement for each company."  *Id.* at 7.

These concerns are misplaced.  The Court ordered Commerce to evaluate the "legal documentation showing hostile family partitions among the owners of the Doshi Companies, resulting in the splitting of family assets" and the legal separation of companies which "prevents various Doshi family members from interfering in, controlling, or participating in the business of other family members."  *See* Remand Order at 21-22; *see also* Echjay December 12, 2017 AQR at Exhs. AS-4(b)-AS-4(g) (C.R. 129-132).  Based on this legal documentation, Commerce reasonably concluded that the agreements mandated formal separation of the companies and limited the extent to which the family members and their companies can influence the operations of the other companies.  *See Remand Redetermination* at 19.  Additionally, Commerce found no record evidence suggesting financial dealings between Echjay and EIPL, and found no shared board members or employees between the companies during the period of investigation.  *See id.*  The legal documents were "unrebutted and not otherwise contradicted by evidence on the record."  *Id.* at 12.  To the contrary, "{s}ubstantial documentation, including financial statements and other data relevant to the Doshi companies' operations, provide no indication that the legal separations have been voided, breached, or otherwise eroded over time."  *Id.*

The Coalition additionally argues that Commerce's finding of a lack of affiliation cannot be based on only the estrangement of members of the Doshi family by way of a partition.  The Coalition contends that this Court has found that "'{n}either the statute, nor the regulations, provide for an exception to family {under 19 U.S.C. § 1677(33)} for members who are estranged.'"  Coalition Cmts. at 8 (quoting *Ferro Union, Inc. v. United States*, 44 F. Supp. 2d 1310, 1325 (Ct. Int'l Trade 1999)).  The Court already has addressed this concern, holding that in this case, in light of the "objective evidence of legal separation agreements . . . .  Commerce may not automatically find affiliated family members to be a person under subsection (F) but must

6

instead address the evidence presented by Echjay." *See* Remand Order at 22.  Commerce has complied with the Court's holding by fully addressing and examining Echjay's evidence of the family partitions.  The agency's findings are based on substantial evidence.

The Coalition further contends that potential coordination across companies is possible, and that the separation agreements sought to ███████████ among the family members.  The Coalition further argues that nothing on the record indicates that the impetus for a separation made in 1985 continues to exist today; nor has there been complete elimination of the potential for the Doshi family to coordinate sales and production activities between the two companies.  *See* Coalition Cmts. at 8-9.  But based on the record, Commerce found that aspirational language in the legal agreements (*i.e.*, ███████████ does not mean that the family members are now likely to cooperate in business matters, or that there is any significant potential for such cooperation.  *See Remand Redetermination* at 19.  That was especially so when viewed in the context of a legal agreement implementing a hostile separation of the parties.  Nor did Commerce find any evidence of any actual subsequent cooperation between the parties.  *Id.*  Thus, the record evidence belies the Coalition's arguments that any potential or actual cooperation exists between EIPL and Echjay.  Accordingly, record evidence supports Commerce's determination finding that the Doshi companies, including Echjay and EIPL, are not affiliated under 19 U.S.C. § 1677(33)(F).

### III. Commerce's Redetermination That Echjay and EIPL Do Not Meet The Criteria For Collapsing Is Supported By Substantial Evidence and in Accordance with Law

In its redetermination, Commerce reasonably concluded that, because the individual members of the Doshi family are not affiliated within the meaning of 19 U.S.C. § 1677(33)(F), they do not meet the affiliation criterion under 19 C.F.R. § 351.401(f)(1), such that collapsing might be appropriate.  The Coalition argues that the record does not support Commerce's

determination not to collapse EIPL and Echjay pursuant to 19 C.F.R. § 351.401(f)(1), because (1) the companies are affiliated, (2) their production facilities would not require substantial retooling in order to restructure manufacturing priorities, and (3) there is a significant potential for manipulation of price or production.  *See* Coalition Cmts. at 10.

All three factors identified in section 351.401(f)(1) must be met before Commerce will collapse affiliated companies into a single entity.  *See* Remand Order at 4-5.  As discussed in the previous section, substantial evidence supports Commerce's conclusion that the companies are not affiliated.  The Coalition focuses on the substantial retooling analysis, Coalition Cmts. at 10, but that question is moot because the other two predicates for collapsing are not met here.  *See* Remand Redetermination at 20.  Nor is there a significant potential for manipulation.  In this regard, the Coalition contends that: (1) Echjay and EIPL are both wholly owned, controlled, and managed by the Doshi family, with members of the Doshi family owning 100 percent of both companies, and (2) members of the Doshi family serve as board members and directors of both companies.  *See* Coalition Cmts. at 11.

As Commerce concluded, however, the record information on ownership does not support finding a significant potential for manipulation.  *See Remand Redetermination* at 20.  This criterion of the collapsing analysis requires consideration of three sub-factors: (1) the level of common ownership; (2) the extent to which managerial employees or directors of one firm also sit on the board of the other firm; and (3) whether operations are intertwined.  *See* 19 C.F.R. § 351.401(f)(2).

Commerce found no evidence that either of these companies can direct or control the other.  It also found that the parties are bound by a legal separation not shown to have been violated or legally altered.  *See Remand Redetermination* at 20.  Furthermore, Commerce

reexamined the record evidence and found no support for a finding that the operations of the companies are intertwined.  *See id.*  Similarly, Commerce considered the fact that estranged family members sit on the boards of separate companies, but reasonably determined that this fact alone did not demonstrate that the companies' operation are intertwined.  *See id.*  The record supports Commerce's conclusion on remand that there is no significant potential for manipulation of price or production across companies.  *See id.*

The Coalition also contends that Commerce's decision not to collapse Echay and EIPL in *Flanges 2006 Final* does not support a similar finding here, on the record as a whole.  *See* Coalition Cmts. at 11.  The Coalition argues that here both companies produced identical stainless steel flanges during the period of investigation, and exported stainless steel flanges into the United States during the period of investigation, neither of which were evident in *Flanges 2006 Final*.  *See id.*  The Coalition also contends that Commerce's approach to analyzing the overlapping managers and/or board members in assessing the potential for manipulation has changed since 2006, because Commerce now conducts such analyses on a family-grouping basis instead of the individual-level basis used in 2006.  *See id.*

As Commerce demonstrated in its remand redetermination, however, neither the factual distinctions between the two cases nor the change in Commerce's approach warrant different outcomes in the two cases.  In *Flanges 2006*, Commerce determined that none of the three factors relating to significant potential for manipulation had been satisfied.  *See Certain Forged Stainless Steel Flanges from India: Preliminary Results of Antidumping Duty Administrative Review*, 73 Fed. Reg. 11,379, 11,383 (Dep't Commerce Mar. 7, 2006) (*Flanges 2006 Prelim*), unchanged in *Flanges 2006 Final*, 71 Fed. Reg. at 29,314.

9

Here again, Commerce reached the same general conclusion, *i.e.*, that none of the criteria for potential manipulation were satisfied—thus, Commerce's analysis in this remand and in *Flanges 2006 Final* are substantially similar, albeit on a different record. *See Remand Redetermination* at 21.

Addressing the Coalition's argument that Commerce's conclusion should be different because Commerce's practice has shifted from individual-level analysis of affiliation to consideration of family grouping, *see* Coalition Cmts. at 11, Commerce explained that it applied its current practice in this remand, including evaluating whether a family grouping is in a position to exercise restraint or direction over the companies at issue. *See Remand Redetermination* at 21. However, as Commerce explained, no record evidence in this investigation supports a finding that the Doshi family exercised, or had the potential to exercise, control over the companies. Specifically, Commerce stressed that the record "does not present mere *claims* of estrangement and non-affiliation between members of a family." *See id.* Rather, the record contains Indian legal documents reflecting binding and durable separation agreements that independently corroborate Echjay's claims. *See id.* In keeping with the Court's direction to consider these legal documents, Commerce factored this evidence into its analysis. *See* Remand Order at 22. Commerce's analysis was "unique to this particular instance" and was based on several key facts, including that "the agreement in question (1) predates the period of investigation by decades, (2) has been legally enshrined by local authorities, and (3) has not been repudiated by record evidence." *See id.*

## CONCLUSION

For all these reasons, we respectfully request that the Court sustain Commerce's *Remand Redetermination*.

10

|  | Respectfully submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | /s/Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL:<br><br>KIRRIN HOUGH<br>Office of the Chief Counsel<br>  For Trade Enforcement & Compliance<br>Department of Commerce | /s/Geoffrey M. Long<br>GEOFFREY M. LONG<br>Trial Attorney<br>U.S. Dept. of Justice, Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Tel. (202) 307-0159<br>Fax: (202) 307-0972 |
| May 5, 2021 | Attorneys for Defendant |

CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to Chamber Procedure 2(B)(1) that the foregoing brief complies with the Rules of this Court in that it contains 2,786 words, including text, footnotes, and headings.

/s/Geoffrey M. Long
GEOFFREY M. LONG

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ECHJAY FORGINGS PRIVATE LIMITED, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 18-00230 |
| Defendant, | ) |
| and | ) |
| COALITION OF AMERICAN FLANGE PRODUCERS | ) |
| Defendant-Intervenor. | ) |

**ORDER**

Upon consideration of the comments on the results of remand redetermination filed by plaintiff, responses thereto, the administrative record, and all other pertinent papers, it is hereby

ORDERED that plaintiff's request that the agency's redetermination be remanded for further consideration is DENIED;

ORDERED that the Department of Commerce's remand redetermination is affirmed in all respects; and it is further

ORDERED that judgment is entered in favor of the United States.

Dated: _____          _____
                                             JUDGE GARY S. KATZMANN