**PUBLIC DOCUMENT**

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ECHJAY FORGINGS PRIVATE LIMITED,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>   and<br><br>COALITION OF AMERICAN FLANGE PRODUCERS,<br><br>        Defendant-Intervenor. | Before: Gary S. Katzmann, Judge<br><br>Court No. 18-00230 |

PLAINTIFF ECHJAY RESPONSE TO THE COALITION OF AMERICAN FLANGE PRODUCERS' OBJECTION TO COMMERCE'S REMAND DECISION

 

Peter Koenig
Squire Patton Boggs
2550 M Street NW
Washington DC 20036
Counsel to Echjay

May 5, 2021

Plaintiff Echjay Forgings Private Limited (Echjay) opposes Defendant-Intervenor's Coalition of American Flange Producers (Coalition) objection to the U.S. Department of Commerce Final Results of Redetermination Pursuant to Court Remand, *Echjay Forgings Private Ltd. v. United States*, Ct. No. 18-00230, Slip Op. 20-140 (CIT Oct. 8, 2020) (Feb. 17, 2021), ECF No. 72 (*Remand Decision*). There, Commerce brought itself into compliance with this Court's decision in *Echjay Forgings Private Ltd. v. United States*, Ct. No. 18-00230, slip op. 20-140 (Ct. Int'l Trade Oct. 8, 2020), to now render a decision supported by substantial evidence of record and otherwise in accordance with law, as required by statute.

The Coalition largely does not contest Commerce's *Remand Decision* to not collapse (i.e., treat as a single entity) the Echjay companies. The Coalition just contests the Commerce decision not to collapse Echjay with Echjay Industries Private Limited (Echjay Industries). Even there, the Coalition just argues for a re-weighing of the evidence by this Court, something that it is well established that the courts do not do. The Coalition further impermissibly and rhetorically asks this Court to find that, since there is no reason not to collapse these two Echjay companies, this Court should order Commerce to collapse them.  This is even further removed from the statutory requirement that Commerce decisions be supported by substantial evidence of record, as well as this Court's review standard. Beyond that, the Coalition essentially repeats Commerce's original decision that this Court found unlawful and says, "let's just do it again," ignoring this Court's remand decision.  The Coalition also argues (1) from law that because family groupings <u>might</u> be potentially able to control each other warranting further inquiry into whether there is in fact the requisite substantial evidence of record for such potential to control to support so finding that (2) one can just leap to a finding that there is substantial evidence of such potential to control each other, and disregard the portion of that law that says that there still must  be substantial evidence

supporting such a conclusion to be lawful. The Coalition thereby again impermissibly asks this Court to ignore the statutory substantial evidence rule. We believe that all the above can be discerned just from reading the Coalition's brief on its face, warranting its rejection, without more.

The Coalition states that the Statement of Administrative Action (SAA) says a "company <u>may</u> be in a position to exercise restraint or direction, for example, through corporate or family groupings . . ." and that this "often" occurs. *See* Uruguay Round Agreements Act, Statement of Administrative Action, H.R. Doc. No. 103-316, vol. 1, at 838 (1994), *reprinted in* 19 U.S.C.C.A.N. 4040, 4174 (emphasis added). The Coalition further argues that Commerce said that "family groupings <u>may</u> be considered in determining whether control over another person exists," citing 19 C.F.R. § 351.102(b)(3). The Coalition fails to note that both these sources then go on to immediately state that there still must be substantial evidence of such potential to control in a particular case for a lawful decision to collapse a family group of companies. The Coalition conflates "may" for "will" and "often" for "always." *Accord.* Commerce *Remand Decision* at 8. Commerce's *Remand Decision* details at length why in the Echjay case in particular there is no substantial evidence for such potential to control among the companies, to support either affiliation or collapsing. The Coalition fails to note, much less address, all the substantial evidence that Commerce's *Remand Decision* details in that regard to support its no collapsing finding.

The Coalition acknowledged that Commerce held from the record evidence that the Bombay High Court in India ordered partition of the Echjay companies supports that the Echjay companies should not be collapsed, citing Commerce *Remand Decision* at 10-14. The Coalition claims that this partition fails to support a conclusion that Echjay and Echjay Industries should not be collapsed because it had an aspirational goal of promoting family harmony and communication. But the partition sought to achieve that family harmony and communication by ordering that

different family members have "independent control and/or management of different companies to "advance family peace" – *i.e.*, by preventing attempts of one family member with one company to fight for potential to control of a company held by another family member. Commerce *Remand Decision* at 11. *See also id.* at 19 (the Court ordered "legal agreement implementing a hostile separation of the parties" as to the companies to promote family harmony). Different family members "shall be in exclusive charge of and shall run and management" different companies "to the entire exclusion of the others," per the court order. *Id.* at 12. At page 9 of their comments, the Coalition refers to an extract of the 1983 separation agreement (partition, submitted as Exhibit AS-4 (b) of Echjay's December 12, 2017 2nd Section A supplemental questionnaire response, C.R. 223-234; P.R. 225-232[1]), which states that parties to the agreement will extend full cooperation to each other. However, the intention of the "cooperation" in the separation agreement is to achieve smoothly the objective of the agreement – *i.e.*, "separation" and not the "cooperation" to do business together, so as to achieve family harmony and peace, where all were fighting with each other for control of companies. *Id.* This was not simply a claim of estrangement; there was unrebutted record evidence of Indian legal documents mandating binding and durable separation. "Due to particular and explicit legal arrangements, the Doshi family could not control or influence the operations of the constituent {Echjay} companies." *Remand Decision.* at 8. This was all further supported by "substantial documentation, including financial statements and other data relevant to the Doshi companies' operation," demonstrating there was "no indication that the legal separations have been voided, breached, or otherwise eroded over time." *Remand Decision* at 12.

---

[1] C.R. stands for confidential record submitted by Commerce to the Court, where the document number/s are then indicated. P.R. stands for the public record submitted by Commerce to the Court, where the document number/s are then indicated.

The Coalition says that *Ferro Union, Inc. v. United States,* 23 CIT 178, 193, 44 F. Supp. 2d 1310, 1325 (1999), held that <u>claims</u> of family estrangement are insufficient to preclude family members from being considered affiliates under the statute or a family to be considered "a person." The Commerce *Remand Decision* held (at 10) that, unlike *Ferro Union's* "mere assertions or affidavits stating that the various family members were estranged, here there were explicit court controls to insure that {manipulation/cooperation between the family companies} would not occur" – *i.e.,* one family member (his/her company) would not have the potential to control another Echjay company. Underscoring the absence of the potential for manipulation of price or production between the entities is, as noted, "legal documents filed with and issued" by the Indian court "expressly separated between family members with regard to participating in business and operations of the Doshi companies and in some cases even forbid interactions between the operations." *Remand Decision* at 13. Far from a mere claim, there is "legal separation of companies" which "prevents various Doshi family members from interfering in, controlling, or participating in the business of other members." *Remand Decision* at 19.

The Coalition admits that the record evidence is that the court ordered partition of the companies means that the different Echjay companies are legally separate entities, have different owners (different member of the Doshi family) and are managed by a different member. The Coalition's own record cites so demonstrates.

In short, the Doshi companies are not affiliated under Section 771(33)(F) of the Tariff Act of 1930, as amended, because there is "no <u>common control</u> of the companies by the Doshi companies" required by 771(33)(F). *Remand Decision* at 13 (emphasis added). *See also Remand Decision* at 18. Rather, again, each family member owns and manages a separate company. Thus, there is no common control of the companies. That was not the case in *Ferro Union*.

The Coalition asserts without support (at page 8) that there is nothing on the record to suggest that events that led to a separation (court ordered partition) of the Echjay companies continue to exist today. The Coalition ignores that Commerce, after extensive investigation, held that "there is no evidence to suggest that the parties have deviated from the spirit or letter of the separation agreement." *Remand Decision* at 19.

In 2006, Commerce decided in a prior investigation not to collapse Echjay and Echjay Industries. The Coalition claims that there are differences in the 2006 case and the current case. But the Coalition fails to articulate how any claimed differences would alter the result given the key facts discussed herein that remain the same. *Accord.* Commerce *Remand Decision* at 20 (2006 situation was "substantially similar" to the current situation).

In sum, contrary to Coalition claims, substantial evidence supports Commerce's remand decision not to collapse, and that decision is in accordance with law.[2] It should be affirmed.

Respectfully, it would also seem that this Coalition brief is so devoid of even being close to a meritorious objection to Commerce's *Remand Decision* that it is "being presented for an improper purpose" to "cause unnecessary delay," in the words of Rule 11(b)(1) of this Court. We respectfully request an expedited decision.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Peter Koenig*

Peter Koenig, Squire Patton Boggs
Counsel to Echjay

---

[2] We agree with the United States that Echjay should not be collapsed on the indicated specific grounds they state. There are more general grounds against collapsing that we advanced from the start that, at least for now, do not have to be pursued if the court affirms the remand determination that Echjay is not collapsed for the stated reasons. *See* Echjay Opening Brief (Dkt. 26) at 4-21.

**CERTIFICATE OF COMPLIANCE**

Per Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for the Plaintiff's Comments on the Results of Remand Redetermination, as computed by Squire Patton Bogg's word processing system (Microsoft Word 2019), is 1,611 words.

*/s/ Peter Koenig*
(Signature of Attorney)

Peter Koenig
(Name of Attorney)

Echjay
(Representative Of)

May 5, 2021
(Date)
