Slip Op. 21-105

# UNITED STATES COURT OF INTERNATIONAL TRADE

ECHJAY FORGINGS PRIVATE LIMITED,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant,

and

COALITION OF AMERICAN FLANGE PRODUCERS,

    Defendant-Intervenor.

Before: Gary S. Katzmann, Judge
Court No. 18-00230

## OPINION

[The court affirms Commerce's Remand Results.]

Dated: August 20, 2021

Peter J. Koenig, Squire Patton Boggs (US) LLP, of Washington, D.C., for plaintiff.

Geoffrey M. Long, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Brian M. Boyton, Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director. Of Counsel Kirrin Hough, Office of the Chief Counsel for Trade Enforcement & Compliance.

Daniel B. Pickard, Stephanie M. Bell and Cynthia C. Galvez, Wiley Rein LLP, of Washington, D.C., for defendant-intervenor.

    Katzmann, Judge: Referencing the saga of a family that was central to the litigation under review, the prior opinion in this case noted the opening line of the classic novel, Anna Karenina:

"All happy families are alike; each unhappy family is unhappy in its own way."[1] Echjay Forgings Pvt. Ltd. v. United States, 44 CIT __, __, 475 F. Supp. 3d 1350, 1356 (2020) ("Echjay I"). The court now returns to a dispute involving an antidumping ("AD") investigation and the United States Department of Commerce's ("Commerce") decision to collapse affiliated entities exclusively owned by members of the same, albeit estranged, family: the Doshi family.

In its original determination, Commerce collapsed the entities for purposes of calculating an AD margin, concluding the companies were affiliated, would not require substantial retooling of their facilities to restructure production priorities, and each had significant potential to manipulate the product pricing or production priorities of the others. Stainless Steel Flanges From India: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Critical Circumstance Determination, 83 Fed. Reg. 40,745 (Dep't Commerce Aug. 16, 2018) ("Final Determination"); Mem. from J. Doyle to J. Maeder, re: Issues and Decision Mem. for the Final Determination of the AD Duty Investigation of Stainless Steel Flanges from India at 14–27 (Dep't Commerce Aug. 10, 2018), P.R. 406 ("IDM"). Before the court is Commerce's Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce Feb. 17, 2021), ECF No. 73 ("Remand Results"), which the court ordered in Echjay I so that Commerce could further explain or reconsider its decision to collapse the Doshi family companies. On remand, Commerce reversed itself and determined not to collapse the entities because they were not affiliated. Plaintiff Echjay Forgings Private Limited ("Echjay") does not challenge the Remand Results. Defendant-Intervenor Coalition of American Flange Producers ("Coalition") challenges the Remand Results as inadequately explained and supported. Def.-Inter the Coalition of Am. Flange Prods.' Comments on the Results of Remand Redetermination at 1, Mar. 19, 2021, ECF No. 76 ("Def.-

---

[1] Leo Tolstoy, Anna Karenina (1877).

Inter.'s Br."). Defendant the United States ("Government") requests that the court sustain Commerce's Remand Results. Def.'s Reply in Supp. of the Dep't of Commerce's Remand Redetermination at 2, May 5, 2021, ECF No. 81 ("Def.'s Br."). The court affirms Commerce's Remand Results and enters judgment for the Government.

## BACKGROUND

The court detailed the relevant legal and factual background of the proceedings in further detail in its previous opinion, Echjay I, 475 F. Supp. 3d at 1357–63. Information relevant to the instant opinion is set forth below.

"In some instances, Commerce will treat related entities as a single entity for purposes of [AD] calculations." Prosperity Tieh Enter. Co. v. United States, 965 F.3d 1320, 1323 (Fed Cir. 2020) (citing Carpenter Tech. Corp. v. United States, 510 F.3d 1370, 1373 (Fed. Cir. 2007)). Under Commerce's collapsing regulation, three requirements must be satisfied in order for Commerce to collapse entities: Commerce must determine that (1) the companies are affiliated; (2) they share "production facilities for similar or identical products that would not require substantial retooling of either facility in order to restructure manufacturing priorities;" and (3) there is "a significant potential for the manipulation of price or production" between the affiliated companies. 19 C.F.R. § 351.401(f); see also Carpenter Tech. Corp., 510 F.3d at 1373. Affiliation is defined by statute, 19 U.S.C. § 1677(33), to include "(A) [m]embers of a family" and "(F) [t]wo or more persons directly or indirectly controlling, controlled by, or under common control with, any person," among other categories.

On September 11, 2017, Commerce initiated an AD duty investigation of stainless steel flanges imported from India and China from the period of July 2016 through June 2017 ("POI"), which included imports by Echjay. Stainless Steel Flanges From India and the People's Republic

of China: Initiation of Less-Than-Fair-Value Investigation, 82 Fed. Reg. 42,649 (Dep't Commerce Sept. 11, 2017). Commerce investigated all companies owned by members of the Doshi family, even though by the time of the POI and Commerce's investigation, the Doshi family had fractured into three camps. Echjay I, 475 F. Supp. 3d. at 1361–62. As a result of inter-family discord leading to legal separation agreements set by the Bombay High Court, the Doshi family separately consisted of: (1) the Doshi family owning the original Echjay Industries Private Limited ("Echjay Industries"); (2) the Sarvadaman Doshi family owning Plaintiff Echjay; and (3) and the Deepak Doshi family owning both Echjay Forging Industries Private Limited ("EFIPL") and Spire Industries Private Limited ("Spire") (collectively, the "Doshi Companies"). Id. at 1362. In participating in the AD investigation, Echjay explained to Commerce that all Doshi Companies are owned by members of the same Doshi family but that it was not affiliated with any of the other Doshi Companies due to the formal family partitions. Id. at 1361. In its Final Determination, Commerce nevertheless collapsed the Doshi Companies because it found that they were affiliated through common ownership by the Doshi family, had similar production facilities that would not require substantial retooling to shift manufacturing priorities, and had a significant potential for manipulation of prices or production. 83 Fed. Reg. at 40,746; IDM at 14–27.

Echjay initiated this litigation on November 8, 2018, and filed a complaint on December 8, 2018. Summons, ECF No. 1; Compl., ECF No. 7. On October 8, 2020, the court concluded that Commerce did not adequately explain its decision to collapse the Doshi Companies, which the IDM conveyed largely depended on affiliation between the Doshi family members and Doshi Companies despite the legal separation agreements. Echjay I, 475 F. Supp. 3d at 1367–74. The court also determined that Commerce failed to address detracting evidence regarding its substantial retooling conclusion of the collapsing analysis. Id. at 1369–71. The court remanded Commerce's

"decision to collapse Echjay with the Doshi Companies in its Final Determination for further explanation . . . based on substantial record evidence." Id. at 1364. On remand, Commerce reversed its collapsing determination, and accordingly its application of adverse facts available to Echjay, and calculated a new dumping margin of 4.58%. Remand Results at 25. Echjay did not submit comments on the Remand Results. Coalition submitted comments on March 19, 2021. Def.-Inter.'s Br. The Government replied in support of the Remand Results on May 5, 2021. Def.'s Br.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). The standard of review in this action is set forth in 19 U.S.C. § 1516a(b)(1)(B)(i): "[t]he court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." The court also reviews the determinations pursuant to remand "for compliance with the court's remand order." See Beijing Tianhai Indus. Co. v. United States, 39 CIT __, __, 106 F. Supp. 3d 1342, 1346 (2015) (citations omitted).

## DISCUSSION

In its previous opinion, the court remanded Commerce's decision "for further explanation of its collapsing determination based on substantial record evidence." Echjay I, 475 F. Supp. 3d at 1364.

On remand, Commerce reconsidered its collapsing determination and reversed itself, finding that none of the three collapsing requirements were met. Remand Results at 1. First, Commerce noted that it continued to find the Doshi family members affiliated under 19 U.S.C. § 1677(33)(A), but that "due to particular and explicit legal arrangements, the Doshi family could

not control or influence the operations of" the Doshi Companies. Id. at 10. Because there was no common control, Commerce concluded that the Doshi Companies were not affiliated under 19 U.S.C. § 1677(33)(F) or under Commerce's regulation, 19 C.F.R. § 351.401(f). See id. at 10–13. Accordingly, Commerce found that "the application of adverse facts available . . . -- which was premised upon Echjay's failure to provide corporate history/sales/production data on behalf of the other companies -- [was] not warranted." Id. at 1–2. Second, Commerce reevaluated the evidence of the substantial retooling requirement and concluded that "EFIPL and Spire could not produce subject merchandise without substantial retooling." Id. at 14. Similarly, as to the potential for manipulation requirement, Commerce found that, based upon its affiliation analysis, "there is [no] potential for significant manipulation . . . across the Doshi [C]ompanies." Id. at 14. Finally, Commerce explained that "there is no longer any potential inconsistency" with its past collapsing determinations because of its revised decision not to collapse the Doshi Companies. Id.

Coalition challenges Commerce's Remand Results as inadequately explained and unsupported by record evidence. Coalition contends that Commerce's decision to reverse its affiliation and collapsing determinations is inadequately supported by the partition documents that separate the three branches of the Doshi family, as cited by Commerce. See Def.-Inter.'s Br. at 7–8. It claims instead that "there is nothing on the record supporting the conclusion that Echjay's family partition with Echjay Industries eliminates the potential of the Doshi family members from cooperating and coordinating sales and production activities between the two companies." Id. at 8. Further, Coalition contends that "nothing in this formal separation precludes the Doshi family members from coordinating the activities of these two companies in exactly the same way that the collapsing regulations were meant to address." Id. at 9. Finally, Coalition disagrees that Commerce's past decision not to collapse the Doshi Companies dictates the same non-collapsing

determination in this case because it claims that the evidence regarding the potential for substantial retooling is different in this POI and Commerce's approach to the potential for manipulation has moved from the individual level to include family groupings. Id. at 11. Therefore, Coalition requests that the court again remand Commerce's decision so that it can address evidence of the potential for manipulation and retooling that it did not address in its Remand Results. Id. at 12–13.

The court concludes that Commerce complied with its remand order as set forth in Echjay I, 469 F. Supp. 3d at 1364. Commerce addressed and adequately explained evidence regarding the Doshi family's partition and reversed its decision to collapse the Doshi Companies. The court is unpersuaded by Coalition's challenge to the Remand Results, largely for the reasons discussed in Echjay I. There, the court rejected the contention that common ownership of a group of companies by members of the same family, without more, can support a basis for affiliation where legal partitions prevent overlap in management or control between each entity. Id. at 1368–69. Furthermore, Commerce itself noted that the evidence regarding the Doshi family partitions was unrebutted and uncontradicted. Remand Results at 12. In response to Coalition's comments on the draft remand results, Commerce further explained that "[t]he record does not establish that the Doshi family group exerts actual control over each of the companies; nor does it evince their 'ability' to exert control." Id. at 18. Commerce also noted that "notwithstanding the fact that over 30 years have passed since the first agreement took effect, there is no evidence on the record that is suggestive of financial dealings between Echjay and [Echjay Industries] and there were no shared board members or employees between the companies during the POI." Id. at 19. Thus, Coalition's arguments about the potential for control between family members cannot prevail on a record such as this one. The unique circumstance of legal separation agreements between family

members supports Commerce's decision to not collapse companies owned by family members in this instance.

Further, the court need not address Coalition's arguments regarding Commerce's no substantial retooling determination between Echjay and Echjay Industries because, per Commerce's regulation, all three prongs must be met in order for Commerce to make a finding that entities should be collapsed. 19 C.F.R. § 351.401(f). Because the court affirms Commerce's affiliation determination, Commerce's decision not to collapse the Doshi Companies must stand regardless of any potential for retooling of facilities. Similarly, the court agrees with Commerce that the Remand Results are consistent with its previous decision not to collapse the Doshi Companies. Each decision concluded that the potential for manipulation was not met, and each resulted in a decision not to collapse the Doshi Companies. See Remand Results at 20–21. Because "consistency with earlier and later pronouncements" weighs in favor of deference to an agency's decision, Skidmore v. Swift, 323 U.S. 134, 140 (1944), the court so defers. The court affirms Commerce's conclusion that there is no affiliation between the Doshi Companies and it sustains Commerce's Remand Results as supported by substantial evidence and in accordance with law.

## CONCLUSION

For the reasons stated, the court sustains Commerce's Remand Results. Judgment will enter accordingly in favor of Defendant.

**SO ORDERED.**

/s/    *Gary S. Katzmann*
    Judge

Dated: August 20, 2021
    New York, New York